**UNITED STATES of America,**
**Appellee,**

v.

**Edward GANDIA, also known as Edward Gordo, also known as Edward Gandea, also known as Edward Gandia, also known as Edward Gandi, also known as Edward Melendez, also known as Gordo Gandia, also known as Jose Melendez, also known as Edward Garcia, Defendant–Appellant.**

**No. 06–4675–cr.**

United States Court of Appeals,
Second Circuit.

April 29, 2008.

Neil B. Checkman, New York, NY, for Appellant.

Michael J. Garcia, United States Attorney for the Southern District of New York, Lisa R. Zornberg, Katherine Polk Failla, Assistant United States Attorneys, New York, NY, for Appellee.

PRESENT: Hon. ROBERT D. SACK, Hon. B.D. PARKER, and Hon. J. GARVAN MURTHA,* Circuit Judges.

* The Honorable J. Garvan Murtha, United States District Judge for the District of Ver-

## SUMMARY ORDER

Edward Gandia appeals from a final order of the district court denying his motion to suppress evidence and reaffirming an 84–month sentence of imprisonment, following his conviction of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). We assume the parties' familiarity with the underlying facts and procedural history of this case, and with the issues raised on appeal.

In *United States v. Gandia,* 424 F.3d 255, 265 (2d Cir.2005)("*Gandia I* "), we directed the district court, on remand, to reconsider the denial of Gandia's motion to suppress evidence and "make additional factual findings" on the issue of "whether Gandia consented to the police officer entering other rooms of his apartment." We also asked the district court to consider whether to resentence in light *of United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), pursuant to *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005). *Gandia I,* 424 F.3d at 265.

With regard to the motion to suppress, the district court on remand found that Gandia gave implicit consent to the officer entering the doorway of the living room. The district court also found that from this position, the officer was able to see the evidence Gandia sought to suppress, a bullet, sitting in plain view. Because the police had permission to enter the doorway and the bullet was in plain view, the district court again denied Gandia's motion.

On appeal from a motion to suppress, we review the district court's legal conclusions *de novo* and the district court's factual findings for clear error. *United States v. Casado,* 303 F.3d 440, 443 (2d Cir.2002);

mont, sitting by designation.

*United States v. Bayless*, 201 F.3d 116, 132 (2d Cir.2000). "[T]he evidence supporting the denial [of a motion to suppress] must be construed in the light most favorable to the government." *Bayless*, 201 F.3d at 132.

On appeal, Gandia argues that the district court erred with respect to the motion to suppress because: 1) Gandia did not see the officer enter the living room and therefore could not have consented; 2) the officer had an improper motive for entering the room; and 3) the evidence, a bullet, was not in plain view.

■ Upon review of the record, we conclude that the district court did not err in denying the motion. Viewed in the light most favorable to the government, there was sufficient evidence in the record to support the district court's factual determinations that Gandia gave his implicit consent to the officer entering the doorway and that the bullet was in plain view from that position.

■ Regarding the allegedly improper motive, defense counsel conceded at oral argument that the record contained no evidence to support this contention. But even if there were such evidence, the officer's subjective motive is not grounds for suppression. "[T]he fact that the officer does not have the state of mind . . . which [would] provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action." *Scott v. United States*, 436 U.S. 128, 138, 98 S.Ct. 1717, 56 L.Ed.2d 168 (1978).

For these reasons, the district court did not err in denying Gandia's motion to suppress.

With respect to the *Crosby* remand, the district court determined that it would not have imposed a nontrivially different sentence, even if the Sentencing Guidelines had been advisory at the time the sentence was initially imposed. At the original sentencing, the district court imposed a mid-range sentence of 84 months' imprisonment. On appeal, Gandia argues that his sentence was excessive and should have been reduced due to his good behavior in prison and his HIV-positive status.

■ Upon review of the record, we conclude that Gandia's sentence is procedurally reasonable. The district court properly considered Gandia's asymptomatic medical condition, the availability of appropriate medical treatment in prison, and "the factors in Section 3553, the need for deterrence, the gravity of the crime, [and] the defendant's background." Gandia's good behavior in prison was not a relevant consideration because it was not among "the circumstances at the time of the original sentence." *Crosby*, 397 F.3d at 120.

■ In addition, we conclude that Gandia's sentence is substantively reasonable because it "was well within the broad range of reasonable sentences that the District Court could have imposed in the circumstances presented." *United States v. Fernandez*, 443 F.3d 19, 34 (2d Cir.), *cert. denied,* —— U.S. ——, 127 S.Ct. 192, 166 L.Ed.2d 143 (2006).

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.